**CRYSTLE - ALLEN LAW, LLC**
**BY: KEVIN C. ALLEN, ESQUIRE**
**ID# 55232**
**143 NORTH DUKE STREET**
**LANCASTER, PA 17602**
**(717) 393-0600**

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DUSTIN L. RETTEW**<br>    **SCI Huntingdon**<br>    **1100 Pike Street**<br>    **Huntingdon, PA 16654-1112**<br>          **Plaintiff** | **CIVIL ACTION** |
|       **v.** | |
| | **NO.: 17 2957** |
| **LANCASTER COUNTY**<br>**c/o Lancaster County Commissioner's Office**<br>**50 North Duke Street,**<br>**Lancaster, PA 17603**<br>        **AND** | |
| **WARDEN PAUL K. SMEAL,**<br>**individually and in his official capacity as**<br>**Warden of the Lancaster County Prison**<br>**625 East King Street**<br>**Lancaster, PA 17602**<br>        **AND** | |
| **CORRECTIONS OFFICER EVAN MARIN,**<br>**individually**<br>**Lancaster County Prison**<br>**625 East King Street**<br>**Lancaster, PA  17602** | |
|         **AND** | |
| **CORRECTIONS OFFICER**<br>**SCOTT GRONCHI, individually**<br>**Lancaster County Prison**<br>**625 East King Street**<br>**Lancaster, PA 17602** | |

## CIVIL ACTION COMPLAINT

### INTRODUCTION

1.    This is an action for money damages against Lancaster County, Warden Paul K. Smeal, Corrections Officer Evan Marin, and Corrections Officer Scott Gronchi for the violation of the Plaintiff's constitutional rights.  Plaintiff alleges that Defendants Marin and Gronchi, with reckless disregard for the safety of the Plaintiff, unlawfully used excessive force, physically attacked the Plaintiff and, both before and after he was handcuffed, punched and beat Plaintiff in the face and body, slamming him to the floor resulting in severe personal injury to the Plaintiff.

2.    Plaintiff alleges that Lancaster County and Warden Smeal failed to adequately and properly supervise and train Defendant Corrections Officers Marin and Gronchi such that corrections officers in the prison frequently used excessive force in the handling of prisoners and, in fact, it was this lack of supervision and training that caused the Plaintiff to be subjected to excessive use of force by Defendant Corrections Officers.

3.    The actions of Defendant Corrections Officers were without legal justification thereby violating Plaintiffs rights under the laws and Constitution of the United States, in particular the First, Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution, 42 USC §1983 and his rights under the Constitution and laws of the Commonwealth of Pennsylvania.  By attacking the Plaintiff unprovoked, Defendant Corrections Officers directly violated the laws of the Commonwealth of Pennsylvania and the rules and regulations of Lancaster County Prison and the County of Lancaster regarding the excessive use of force.

2

4.       Plaintiff alleges that Warden Smeal and Lancaster County failed to provide adequate training and supervision concerning the rights of inmates and the lawful use of force by Corrections officers, amounting to gross negligence and/or reckless and/or deliberate indifference to the safety and lives of the inmates within the prison.

5.       Further Defendants Warden Smeal and County of Lancaster are directly liable and responsible for the acts of Defendant Corrections Officers because they repeatedly and knowingly failed to enforce the laws and guidelines of the Commonwealth of Pennsylvania and the regulations of the Lancaster County Prison and Lancaster County pertaining to the use of force by Corrections officers thereby creating within the Lancaster County Prison Corrections Department an atmosphere of lawlessness in which Corrections officers use excessive and illegal force and violence in the belief that such acts will be condoned and justified by their superiors.

6.       Plaintiff files the within Civil Action Complaint and requests judgment against Defendants jointly, severally and in the alternative in a sum in excess of $150,000.00 plus punitive damages, interest, costs, attorneys fees pursuant 42 USC §1988, and damages for delay.

**JURISDICTION**

7.       This action is brought pursuant to 24 U.S.C. 1983 and 1988 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Section 1331 and 1343, and the aforementioned statutory and constitutional provisions. Plaintiff further invokes pendant jurisdiction of this court to consider claims arising under state law.

3

## PARTIES

8.      Plaintiff, Dustin Rettew, is and was at all material times a citizen of the United States. At the time of the incident, the Plaintiff was an inmate at the Lancaster County Prison located at 625 East King Street, Lancaster, Pennsylvania, 17602. Currently, Plaintiff is incarcerated at the State Correctional Institute at Huntingdon, 1100 Pike Street, Huntingdon, PA 16654-1112.

9.      Defendant Lancaster County is, and at all times relevant to this Complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and located at the above address in the County of Lancaster and at all times relevant employed the Defendants, Marin, Gronchi, and Smeal as Corrections Officers and Warden respectively.

10.      Defendant Corrections Officer Evan Marin (hereinafter Marin) was at all times relevant a duly appointed and acting Corrections Officer in training for the County of Lancaster, and the Lancaster County Prison with a business address 625 East King Street, Lancaster, Pennsylvania. At all times relevant, Defendant Marin was acting in his capacity as the agent, servant and employee of Defendant Lancaster County. He is being sued individually.

11.      Defendant Corrections Officer Scott Gronchi (hereinafter Gronchi) was at all times relevant a duly appointed and acting Corrections Officer for the County of Lancaster, and the Lancaster County Prison with a business address 625 East King Street, Lancaster, Pennsylvania. At all times relevant, Defendant Gronchi was acting in his capacity as the agent, servant and employee of Defendant Lancaster County. He is being sued individually.

4

12.     Defendant, Paul K. Smeal (hereinafter Smeal) was, at all times relevant as described in this Complaint, Warden of the Lancaster County Prison and was acting in his capacity as the agent, servant and employee of Defendant Lancaster County.  As Warden, he was the commanding officer of  Defendants Marin and Gronchi and was responsible for the training, supervision and conduct of Defendant Corrections Officers as more fully set forth below.  He is also responsible by law for enforcing the regulations of the Lancaster County Prison and Lancaster County and for ensuring that Lancaster County Corrections Officers obey the laws of the Commonwealth of Pennsylvania and the United States.  He is being sued individually and in his official capacity as Warden for the Lancaster County Prison.

13.     At all times relevant hereto, and in all the actions described herein, Defendants Marin, Gronchi and Smeal were acting under color of law and pursuant to their authority as Corrections officers, and Warden for the Lancaster County Prison in the Lancaster County.

## CAUSE OF ACTION

### FIRST COUNT

### PLAINTIFF, DUSTIN RETTEW v. DEFENDANTS MARIN AND GRONCHI

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 13 the same as if set forth at length herein.

14.     On or about July 21, 2015, Plaintiff Dustin Rettew was lawfully present in the Lancaster County Prison on 2-1 block as a pre-trial detainee and probation violator.

15.     At the aforesaid date and place, Defendant Gronchi and Plaintiff were speaking about moving a fan used to cool portions of the cell block.

16.     Suddenly during the course of the conversation Defendant Gronchi screamed at

5

Plaintiff stating that he "put the god dam f'ing fan where I want it". Defendant Gronchi then rushed at Plaintiff Rettew in a threatening manner and put his face within an inch of the Plaintiff's and further stated that he was in a mood for a code and told Plaintiff Rettew to go ahead and come at him.

17.     At no time did Plaintiff Rettew assault, threaten or even approach Defendant Gronchi.

18.     Defendant Gronchi then suddenly grabbed Plaintiff's left arm and told Defendant Marin to call a code 13 which means an officer needs assistance.

19.     Defendant Gronchi then grabbed Plaintiff Rettew as if he was trying to tackle him and pushed Plaintiff back to the stairway. As Defendant Gronchi was pushing Plaintiff Rettew back toward the stairs Defendant Marin intentionally tripped Plaintiff causing Plaintiff Rettew and Defendants Marin and Gronchi to fall.

20.     Plaintiff Rettew fell on his left side and abdomen with Defendant Marin on top of him with Defendant Gronchi to his right. Defendant Marin also put his hand on the back of Plaintiff's head pushing it hard into the floor.

21.     Defendant Marin placed a handcuff on Plaintiff Rettew's left arm and then grabbed Rettew's right arm twisting it so it couldn't bend then forcing it up high behind his back until Plaintiff's shoulder suddenly popped. Plaintiff Rettew was yelling in pain to Defendant Marin to "stop you're breaking my arm", but Defendant Marin continued until he felt and heard it suddenly pop.

22.     The assault by Defendants Marin and Gronchi was without provocation or legal justification, and they willfully, maliciously and intentionally attacked Plaintiff throwing him to

6

the floor, forcing his arms up and behind his back causing the Plaintiff to suffer multiple contusions and injury to his neck, back and right shoulder including a fracture of the clavicle and a torn rotator cuff.

23.   Defendant Corrections Officers Marin and Gronchi, through the use of excessive force, caused the Plaintiff to suffer multiple contusions and injuries including a fractured right clavicle; a torn right rotator cuff; injuries to his nerves; injuries to his back; and injuries to his neck, all without just and legal cause, thereby violating Plaintiff's rights under the laws and Constitution of the United States, in particular 42 USC §1983 and the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution and the Plaintiff's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

24.   By injuring the Plaintiff through the excessive use of force, Defendants Marin and Gronchi directly violated the laws of the Commonwealth of Pennsylvania and the rules and regulations of the Lancaster County Prison and Lancaster County regarding the use of force.

25.   As a direct and proximate result of the aforesaid actions of the Defendant Corrections Officers, the Plaintiff suffered severe personal injuries including but not limited to the following: contusions to his face; injury to his nerves and nervous systems; multiple contusions; injury to his back and neck; a fractured right clavicle; a torn rotator cuff; severe pain and suffering; and severe emotional and mental distress all of which may be permanent in nature.

26.   As a further direct and proximate result of the aforesaid actions of Defendants Marin and Gronchi, the Plaintiff incurred various medical expenses in an effort to effect a cure for his injuries and is expected to suffer such loss in the future all to his great detriment and loss.

7

27.    As a further direct and proximate result of the aforesaid incident, Plaintiff Dustin Rettew was and may in the future be unable to engage in his usual daily activities and occupations, all to his great detriment and loss.

28.    Defendant Corrections Officers injured the Plaintiff without just and legal cause, with reckless indifference to the safety of the Plaintiff, thereby violating Plaintiff's rights under the laws and Constitution of the United States in particular 42 U.S.C. 1983 and the Fourth, Eighth and Fourteenth amendments to the U.S. Constitution and Plaintiff's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

29.    As a direct and proximate result of the above described unlawful, reckless, arbitrary, intentional and malicious acts of Defendant officers, committed under color of their authority as Corrections Officers of the Lancaster County Prison and Lancaster County and while acting in that capacity, Plaintiff, Dustin Rettew, suffered grievous bodily harm all of which is in violation of his rights under the laws and the Constitution of the United States, in particular the Fourth, Eighth and Fourteenth Amendments thereof and 42 U.S.C. Section 1983.

30.    Plaintiff Rettew was the victim of summary punishment at the hands of Defendant Corrections Officers. The punishment administered was grossly disproportionate to whatever Plaintiff's acts may have been, constituted cruel and unusual punishment, and deprived him of his right to due process of law under the laws and Constitution of the United States, in particular the Fourth, Eighth and Fourteenth Amendments thereof. The injuring of Plaintiff by Defendant officers was unwarranted cruel, arbitrary, reckless, inhumane, unjustifiable and excessive.

8

31.    As a further result of the above described acts, Plaintiff, Dustin Rettew was deprived of the rights and immunities secured to him under the Constitution and laws of the United States and the Commonwealth of Pennsylvania, to be secure in his person and to be free from punishment without due process.

32.    The Defendant officers subjected the Plaintiff to these deprivations of his rights either maliciously, arbitrarily or by acting with reckless disregard for whether the Plaintiff's rights would be violated by their actions.  As a direct and proximate result of the acts and omissions of the Defendant Corrections Officers, Plaintiff suffered severe personal injuries and damages as more specifically described above.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally and in the alternative, in a sum in excess of $150,000.00 plus punitive damages as to individual defendants, interest, costs, attorney fees and damages for delay.

## SECOND COUNT

## PLAINTIFF v. MUNICIPAL DEFENDANTS LANCASTER COUNTY, WARDEN PAUL K. SMEAL

Plaintiff incorporate by reference the allegations contained in paragraphs 1 through 32, the same as if set forth at length.

33.    Prior to July 21, 2015, Municipal Defendants Warden Paul Smeal, and Lancaster County, permitted, encouraged, tolerated and/or ratified a pattern and practice of unjustified, unreasonable and illegal use of force in that:

(a)    Municipal Defendants failed to discipline or prosecute or in any manner deal with known incidents of abuse of Corrections officer powers and improper use of force by officers;

9

(b) Municipal Defendants refused to investigate complaints of previous incidents of abuse of Corrections officers' powers and improper use of force by corrections officers and, instead, officially claimed that such incidents were justified and proper; and

(c) By means of both inaction and cover-up of such abuse of corrections officers' powers and excessive use of force by officers, Municipal Defendants led Defendants Marin and Gronchi, to believe that such abuse of corrections officer powers and improper use of force was permissible.

34. Municipal Defendants have maintained either no system or an inadequate system of review of the use of force by corrections officers which system has failed to identify instances of improper use of force or to discipline or closely supervise or retrain corrections officers who improperly use force.  Upon information and belief, the system deficiencies include but are not limited to:

(a) Preparation of investigative reports designed to vindicate the use of force regardless of whether such actions were justified;

(b) Preparation of investigative reports which uncritically rely solely on the word of corrections officers involved in the incidents and which systematically fail to credit testimony by non-corrections officer witnesses;

(c) Preparation of investigative reports which omit factual information and physical evidence which contradict accounts of the corrections officers involved;

(d) Issuance of public statements exonerating officers involved in such incidents prior to the conclusion of investigation;  and

(e) Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradicts such evidence.

35. Upon information and belief, municipal Defendants also maintained a system of grossly inadequate training pertaining to the law of permissible use of force.

36. The foregoing acts, omissions and systemic deficiencies or policies and customs

10

of municipal Defendants have caused corrections officers of municipal Defendants to be unaware of the rules and laws governing the use of force and to believe that the use of force is entirely within the discretion of the officer and that improper, excessive use of force would not be honestly and properly investigated, all with the foreseeable result that officers are more likely to engage in excessive use of force in situations where such force is neither necessary nor reasonable nor legal.

37.    Municipal Defendants failed to promulgate and enforce a policy relating to the use of force which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution thereby causing and encouraging corrections officers, including Defendants Marin and Gronchi to violate the rights of citizens such as Plaintiff.

38.    Municipal Defendants failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens including Fourth, Eighth and Fourteenth Amendment rights violations by other Lancaster County Corrections officers thereby causing and encouraging officers, including Defendants, Marin, Gronchi and Warden Smeal to violate the rights of citizens such as Plaintiff.

39.    Municipal Defendants have intentionally and/or with conscious indifference to the danger of harm to citizens like Plaintiff, established a system which fails to identify, track or report instances of improper use of force and which is used by municipal Defendants to conceal the extent to which Corrections officers engage in improper and excessive use of force.

40.    The foregoing acts, omissions and systemic deficiencies of policies, practices and customs of municipal Defendants have caused corrections officers of municipal Defendant, including Defendants Marin and Gronchi to be unaware of or to disregard the rules and laws

11

governing the situations under which it is permissible to engage in the use of force and to believe that the  excessive use of force against inmates without just cause is a proper corrections officer practice, entirely within the discretion of the officer and that excessive use of force resulting in injuries would not be honestly and properly investigated, all with the foreseeable result that officers, including Defendants Marin and Gronchi are more likely to engage in excessive use of force in situations where such action is neither necessary, reasonable nor legal.

41.    Municipal Defendants failed to promulgate and enforce a policy relating to the use of force which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution, thereby causing and encouraging corrections officers, including Defendants Marin and Gronchi to violate the rights of citizens such as Plaintiff.

42.    At no time, either prior to employment of Defendant Corrections Officers Marin and Gronchi or after assignment to duty, whereby it was foreseeable that Defendant officers would be required to use force, did Municipal Defendants take reasonable steps to ascertain whether Defendants Marin and Gronchi were emotionally capable of performing such corrections officer duties and did not have a propensity to violence or toward over-reaction to situations they were likely to encounter, or  administer well-known standard tests to ascertain Defendants' personalties.

43.    Defendants Warden Smeal and Lancaster County as a matter of policy and practice, have, with deliberate indifference, failed to adequately train, discipline, sanction or otherwise direct corrections officers concerning the rights of citizens and inmates, particularly with regard to the Fourth, Eighth and Fourteenth Amendment rights of the U.S. Constitution, thereby causing the defendant corrections officers in this case to engage in the unlawful conduct

12

described above.

44.     Defendants Warden Smeal and Lancaster County as a matter of policy and practice, have, with deliberate indifference, failed to adequately train, discipline, sanction or otherwise direct Corrections officers, including the officers involved in this case, who are aware of and subsequently conceal violations of the constitutional rights of inmates by other corrections officers, thereby causing and encouraging corrections officers, including defendants in this case, to engage in unlawful conduct and the violations of Plaintiff's Fourth, Eighth and Fourteenth Amendment rights.

45.     Defendants, Warden Smeal and Lancaster County, are directly liable for their own acts and omissions specifically with regard to the failure to train and the promulgation of violations of the Plaintiff's Fourth Eighth and Fourteenth Amendment Rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones and/or tolerates such violations.

46.     As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs, Municipal Defendants violated Plaintiff's Fourth, Eighth and Fourteenth Amendments Rights and improperly engaged in the excessive use of force thereby causing severe personal injuries more specifically set forth in paragraphs 23 through 27 of Plaintiff's complaint.

        WHEREFORE, Plaintiff demands judgement against Defendants jointly, severally and in the alternative, in a sum in excess of $150,000.00 plus interest, costs, attorney fees and damages for delay.

## THIRD COUNT

### PLAINTIFF DUSTIN RETTEW v. DEFENDANTS, MARIN AND GRONCHI

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46, the same as if set forth at length.

47.     At all times relevant, Defendant Corrections Officers, Marin and Gronchi were acting as corrections officers of the Defendant Lancaster County, acting at all times within the course and scope of their authority.  The acts of Defendants Marin and Gronchi alleged in the proceeding paragraphs constitute the torts of assault and battery all to the Plaintiff's great detriment and loss.

48     The acts of Defendants alleged in the preceding paragraphs deprived Plaintiff of his rights, privileges and immunities under the laws and the Constitution of the Commonwealth of Pennsylvania, in particular, the right to be secure in his person and property, to be free from excessive punishment, and the right to due process, secured to him by Article I, Sections 1, 8, 9, 13, and 26 of the Pennsylvania Constitution, all to his great detriment and loss.


WHEREFORE, Plaintiff demands judgement against Defendants jointly, severally and in the alternative, in a sum in excess of $150,000.00 plus punitive damages, interest, costs, attorney fees and damages for delay.


## FOURTH COUNT

### PLAINTIFF, DUSTIN RETTEW v. ALL DEFENDANTS

Plaintiff incorporates by reference the allegations contained in paragraphs 1

14

through 48, the same as if set forth at length.

49.     The acts of Defendants alleged in the preceding paragraphs constitute violations of Plaintiff's Constitutional Rights under the  Fourth Eighth, and Fourteenth Amendments and 42 U.S.C. 1983.

50.     Plaintiff is entitled to attorneys fees for the work performed by his attorneys in this action pursuant to 42 U.S.C. 1988.

WHEREFORE, Plaintiff demands judgement against Defendants jointly, severally and in the alternative, in a sum in excess of $150,000.00 plus punitive damages, interest, costs, attorney fees and damages for delay.


## FIFTH COUNT

## PLAINTIFF, DUSTIN RETTEW v. DEFENDANTS, SMEAL, MARIN AND GRONCHI

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50, the same as if set forth at length.

51.     The herein described conduct of Defendants Smeal, Marin and Gronchi was malicious, wanton, willful, reckless and intentionally designed to inflict grievous bodily harm and mental distress upon the person of the Plaintiff.

52.     As a result of malicious, wanton, willful, reckless and intentional conduct of Defendants, Plaintiff sustained injuries as more specifically described in paragraphs 22, 23, 25, 26, and 27.

53.     Plaintiff demands punitive damages.

15

WHEREFORE, Plaintiff demands judgement against Defendants jointly, severally and in the alternative, in a sum in excess of $150,000.00 plus punitive damages as to individual defendants, interest, costs, attorney fees and damages for delay.

CRYSTLE - ALLEN LAW, LLC

DATE: 6/16/2017           BY: _____

KEVIN C. ALLEN, ESQUIRE,
Attorney for Plaintiff, Dustin Rettew

16

## VERIFICATION

I, **DUSTIN RETTEW,** verify that the statements made in the attached **CIVIL ACTION**

**COMPLAINT** are true and correct. The undersigned understands that false statements herein

are made subject to the penalties of the 18 PACSA §4904 relating to unsworn falsification to

authorities.

Date: 6/16/2017

Dustin Rettew

16

JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

5:17-CV-2957

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Dustin Retten

**DEFENDANTS**
Lancaster County, Paul K. Smeal, Evan Manh, Scott Gronchi

**(b)** County of Residence of First Listed Plaintiff  Huntingdon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin C. Allen  717.393.0600
Crystle Allen Law LLC
143 N Duke Street Lancaster PA 17602

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** · **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane · ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability · ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander    Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability · ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine    Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product    Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability · **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle · ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle · ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | Product Liability · ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury · ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury -    Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | Medical Malpractice | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** · **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights · **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting · ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment · ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations · ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - · ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - · ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other · ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education · ☐ 555 Prison Condition | | | |
| | · ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC §1983
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $  in excess of $150,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  6/16/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

JUN 28 2017

**UNITED STATES DISTRICT COURT**

17    2957

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1100 Pike Street Huntingdon, PA 16654-1112

Address of Defendant: 50 N. Duke Street Lancaster PA 17603 (See attached)

Place of Accident, Incident or Transaction: Lancaster County Prison 625 E King St. Lancaster PA 17602

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Kevin C. Allen , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/16/17    _____    55232
Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/16/17    _____    55232
Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

JUN 28 2017

**Additional Defendants and their addresses:**

**LANCASTER COUNTY**
c/o Lancaster County Commissioner's Office
50 North Duke Street,
Lancaster, PA 17603

**WARDEN PAUL K. SMEAL,**
individually and in his official capacity as
Warden of the Lancaster County Prison
625 East King Street
Lancaster, PA 17602

**CORRECTIONS OFFICER EVAN MARIN,**
individually
Lancaster County Prison
625 East King Street
Lancaster, PA  17602

**CORRECTIONS OFFICER
SCOTT GRONCHI, individually**
Lancaster County Prison
625 East King Street
Lancaster, PA 17602

JUN 28 2017



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Dustin L. Rettew          :       CIVIL ACTION

        v.           :

Lancaster County, et. al     :      NO. **17    2957**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (✓)

| | | |
|---|---|---|
| 6/16/17 | Kevin C. Allen | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 717.393.0600 | 717.396.1028 | Kevin@crystalallenwb.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

JUN 28 2017